### In the Matter of Aubrey PINKSTON, Debtor.

**Bankruptcy No. BK91–41020.**

United States Bankruptcy Court, D. Nebraska.

Nov. 8, 1991.

Gene T. Oglesby, Lincoln, Neb., for debtor.

Kathleen A. Laughlin, Omaha, Neb., Chapter 13 Standing Trustee.

Patricia A. Dugan, Omaha, Neb., U.S. Asst. Trustee.

John Stonitsch, Kansas City, Mo., U.S. Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case came before the court to consider confirmation of the debtor's proposed Chapter 13 plan. Gene Oglesby appeared on behalf of debtor. Ms. Kathleen Laughlin appeared as Chapter 13 Trustee. The plan is not confirmed because the best interest of creditors test is not satisfied and because the debtor has claimed excessive exemptions.

The confirmation hearing was scheduled under 11 U.S.C. § 1324 upon affidavit evidence. The order scheduling the hearing stated that debtor had the burden of proving all the requisites to confirmation, including satisfaction of the requirements of 11 U.S.C. §§ 1322 and 1325. Debtor was to provide notice of the hearing and of the plan to all creditors. The order also required the Chapter 13 standing trustee to attend and be heard pursuant to 11 U.S.C. § 1302(b). See, *In re Perskin*, 9 B.R. 626 (Bkrty.N.D.Tex.1981).

Prior to issuance of the order scheduling the confirmation hearing, the trustee filed a motion specifically requesting entry of a confirmation order. The trustee's motion states that upon "faith and belief" no objection to confirmation had been filed and that the plan should be confirmed. However, the trustee's motion falls short of containing a specific confirmation recommendation. The trustee filed no objection to confirmation.

I conclude that plan should not be confirmed because if fails to comply with 11

U.S.C. § 1325(a)(4), which precludes confirmation unless:

the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

Satisfaction of § 1325(a)(4), which is referred to as the "best interest of creditors' test," is a fundamental condition to confirmation. It assures that creditors will be paid, at minimum, the amount which they would be paid if the case was a Chapter 7 liquidation. Chapter 13 is advantageous to debtors because they retain all their assets, including non-exempt assets, and make payments to creditors over a period of time during which debtors enjoy the protection afforded by bankruptcy law. This benefit to debtors is carefully balanced by the best interest of creditors' test of § 1325(a)(4). Under this statutory *quid pro quo* the debtor keeps his or her assets and creditors are assured of receiving what they would be paid in a Chapter 7 liquidation.

In order to determine compliance with the best interest of creditors test:

a hypothetical liquidation of the debtor's estate under Chapter 7 on the "effective date of the plan" must be compared to the value on "the effective date of the plan" of what the debtor proposes to distribute to the holders of allowed unsecured claims. A mathematical calculation must be made of the value of what would be available for distribution to unsecured claim holders in a Chapter 7 case. The debtor's proposed distributions to unsecured claim holders must be "present valued" (discounted) as of the effective date of the Chapter 13 plan. Keith M. Lundin, *Chapter 13 Bankruptcy* § 5.25 (1990).

The best interest of creditors' test is not satisfied in this case because of $28,000.00 worth of equity in the debtors' home. Debtor has also claimed excessive exemptions.

In completing a hypothetical liquidation analysis under § 1325(a)(4) to determine how much an unsecured creditor would be paid in Chapter 7, exempt property is excluded since creditors would not be paid any funds from such property in a Chapter 7 case. The assertion of an exemption has a direct impact upon the best interest of creditor test because classification of property as exempt effects the hypothetical Chapter 7 liquidation analysis. The greater the claimed exemption, the lesser will be the required payments to unsecured creditors.

■ On the facts of this case, the debtor has asserted a $12,000.00 homestead exemption. The claimed exemption is not supported by Nebraska law. The Nebraska homestead exemption is limited to $10,000.00. See Neb.Rev.Stat. § 40–101 (Reissue 1988). Indeed, the asserted exemption could not be claimed under a reasonable extension of Nebraska law. See, Rule 11, Fed.R.Civ.P.

■ When the best interest of creditors' test is applied on the facts of this case using a $10,000.00 homestead exemption as is permitted by Nebraska law, it appears that there is approximately $28,000.00 equity in the property which would be available for payments in a hypothetical Chapter 7 case. Debtor's home is valued at $50,000.00 and it is subject to a $12,000.00 mortgage. Of the $38,000.00 in equity, $10,000.00 may be claimed as exempt under the homestead exemption, thus having $28,000.00 net equity for creditors.

On the facts of this case, under the plan a total of $3,600.00 will be paid to the trustee. Pursuant to the plan, the $3,600.00 will be applied to the payment of $360.00 trustee statutory fee and $3,230.00 to holders of unsecured creditors. Since the unsecured creditors in this Chapter 13 case will receive $3,230.00 under the proposed plan and in a Chapter 7 case they would receive $28,000.00 less certain costs, the best interest of creditors' test is not satisfied and the plan cannot be confirmed.

The Chapter 13 trustee did not object to confirmation of this plan. Nor did the Chapter 13 standing trustee object to the claimed exemptions in this case. The Chap-

ter 13 trustee gave no satisfactory explanation as to why no objections were filed. If this plan had been confirmed it would have deprived unsecured creditors of a great deal of money, perhaps as much as $25,000.00 to $28,000.00 to which they were entitled under § 1325(a)(4) as a condition to confirmation.

On the facts of this case, it is unclear whether debtors own one or two tracts of real estate. Debtors' valuation of the real estate is also unclear.

Within fourteen (14) days of today, debtors shall file amended schedules which claim exemptions in compliance with Nebraska law, identify debtor's real estate and location thereof, and identify all claims secured by the real estate.

Within said fourteen (14) days, debtors shall also file an amended plan with supporting affidavits, which shall include a hypothetical Chapter 7 liquidation analysis.

For the reasons stated herein, the plan is not confirmed.

IT IS SO ORDERED.