**In the Matter of Dennis & Patricia SMITH, Debtors.**

**Bankruptcy No. BK91–40940.**

United States Bankruptcy Court, D. Nebraska.

May 1, 1992.

---

Bert Blackwell, McCook, Neb., for debtors.

Kathleen Laughlin, Omaha, Neb., Chapter 13 standing trustee.

### AMENDED MEMORANDUM [1]

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This Chapter 13 case is before the court to consider the imposition of sanctions against debtors and debtors' counsel for having claimed property as exempt without any legal basis.

Schedule B–4 filed in this case lists $5,000.00 worth of personal property as exempt under Neb.Rev.Stat. § 25–1552, and it also lists $800.00 worth of real estate as exempt without citation to any legal authority. The claimed exemptions appeared unsupported in law because the personal property exemption of § 25–1552 may not be claimed by each spouse if a homestead exemption is also claimed. See, *In re Nachtigal,* 82 B.R. 533 (Bkrtcy. D.Neb.1988). Schedule B–4 asserted § 25–1552 twice—$2,500.00 of property was asserted as exempt for each spouse. If the real estate was claimed as an exempt homestead, it meant that § 25–1552 had been improperly invoked twice. Alternatively, if the real estate was not claimed as exempt as a homestead, it meant that there may be no bona fide basis for having asserted that the real estate was exempt property.

The court issued an order to debtors and to debtors' counsel to show cause, in writing, why the exemptions were claimed and the legal authority therefor. The court's order advised that imposition of sanctions would be considered if the claimed exemptions were not supported by existing law or reasonable extensions thereof.

Mr. Blackwell, debtors' counsel, asserts by affidavit, that the debtors own no homestead. Mr. Blackwell was unable to provide any statutory basis for asserting that the real estate was exempt. He acknowledged that the real estate was claimed as exempt through mistake and inadvertence and without any statutory authority. He states that the mistake in completing the bankruptcy schedules was caused by the fact that Mr. Blackwell and his wife, Sharon Blackwell, were working long hours due to the loss of their secretary. The affidavit states that Sharon Blackwell did all the typing and proofreading and that she had meant to inquire about exemptions but inadvertently filed the schedules without this

---

1. The original Memorandum was withdrawn for clarification.

detail attended to. The affidavit states that Mr. Blackwell has filed numerous bankruptcy cases in the State of Nebraska in the last fifteen (15) years, and asserts that he can show many cases where a similar mistake was not made.

The assertion of exemptions without statutory basis is a serious matter for several reasons. First, it violates Fed.R.Bankr.P. 9011. By signing a pleading, motion, or other papers served, or filed, in a case under the Bankruptcy Code, an attorney, or a party certifies that they have:

> read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law....

■ If an attorney or party violates Rule 9011, by claiming exemptions which are not supported by the facts or by law, the bankruptcy court should impose sanctions. See *Taylor v. Freeland & Kronz*, 938 F.2d 420, 426 (3rd Cir.1991). Further, sanctions may be imposed against an individual debtor even when represented by counsel. See, *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, —— U.S. ——, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991).

Second, exemptions are extremely material to the confirmation process in Chapter 13 cases. Code § 1325(a)(4) requires Chapter 13 unsecured creditors to be paid as much as they would receive in a Chapter 7 liquidation. To determine the amount received in Chapter 7, a liquidation analysis is made, exclusive of exempt property. A claim of excessive exemptions invalidates the liquidation analysis by reducing the amount creditors would be paid in Chapter 7. This, in turn, reduces the amount creditors must be paid in Chapter 13.

Third, the assertion of erroneous exemptions is problematic because of limitations upon untimely objections to exemptions. See § 522(*l*) and Rule 4003(b), *In re Peterson*, 929 F.2d 385 (8th Cir.1991), *Taylor v.* *Freeland & Kronz*, 938 F.2d 420 (3rd Cir. 1991).

Due to the materiality and importance of exemptions in bankruptcy cases, counsel must exercise great care in scrutinizing the legal basis for exemptions claimed in the bankruptcy schedules.

■ It is obvious that counsel may not participate in any fashion in an attempt to assert exemptions in the United States Bankruptcy Court to which their client is not entitled. Debtors' counsel, as an officer of the court providing professional services in connection with a case, must discharge duties in accordance with high professional standards. The fact that counsel does not sign the bankruptcy schedules does not provide a justification for counsel to assume the position of an ostrich, head buried in the sand, while the client claims exemptions unsupported by law. Schedule B-4, which lists claimed exemptions and the statutory authority for the exemption, is completed with the assistance of counsel. If claimed exemptions are not supported by law, counsel is subject to sanctions. The bankruptcy court may impose sanctions against counsel under Rule 9011 if counsel is the person responsible for the Rule 9011 violation. See, *In re Anderson*, 128 B.R. 850 (Bkrtcy.D.R.I.1991), *In re Ridner*, 102 B.R. 247 (Bkrtcy.W.D.Okla.1989). Furthermore, sanctions are appropriate under authority of § 105 if counsel participates in an abuse of the bankruptcy process.

■ On the facts of the case before me, sanctions should not be imposed against the debtors, Dennis and Patricia Smith, because the mistake in the bankruptcy schedules was due to admitted error of counsel.

■ I accept counsel's explanation that the improperly claimed exemption was due to administrative error in his office. I also accept counsel's assertion that there was no intent to mislead the court. However, counsel is responsible and accountable for the error. If it happens again, monetary sanctions will be imposed. By separate order, Mr. Blackwell will be admonished for the mistake in this case and directed to

adopt procedures in his office to assure that the mistake is not repeated.

The problem with the exemptions in this case is not an isolated instance. I have previously published decisions calling attention to the problem in Nebraska. *See Matter of Foulk*, 134 B.R. 929 (Bkrtcy. D.Neb.1991), *Matter of Pinkston*, 134 B.R. 932 (Bkrtcy.D.Neb.1991), *Matter of Coonrod*, 135 B.R. 375 (Bkrtcy.D.Neb.1991). The publication of this decision will make clear the standards to which counsel must conform. It will also serve clear notice that, hereafter, sanctions will be imposed against counsel and against debtors in appropriate cases.