**In re Thomas G. HICKMAN dba/Three Rivers Computer Service, Debtor.**

**Bankruptcy No. 92–31706.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

April 6, 1993.

Richard J. Szczepaniak, Toledo, OH, for debtor.

John J. Hunter, Trustee, Toledo, OH.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Trustee's Response to Debtor's Claim of Exemptions Pursuant to 11 U.S.C. § 522(b)(2)(B). A Hearing was held on December 21, 1992. At the Hearing, the parties were afforded the opportunity to present evidence and arguments they wished the court to consider in reaching its decision. The Court has reviewed the arguments of counsel, exhibits, relevant statutory and case law, as well as the entire record. Based on that review, and for the following reasons, the Court finds that the Debtor's property situated in Indiana is exempted from the Bankruptcy estate pursuant to 11 U.S.C. § 522(b)(2)(B).

## FACTS

On April 30, 1992, Debtor filed a joint petition for bankruptcy with his wife, Helyn M. Hickman. On Debtors' Schedule C listing exempt property, Debtors listed real estate located in Lebanon, Indiana. The value of the exemption and the market value were listed as Ten Thousand Dollars ($10,000.00) each. There was no statute provided on which the exemption was claimed. The other exemptions listed on Debtors' Schedule C all cited Ohio Revised Code § 2329.66(A), various sub-sections, as justification. On August 10, 1992, Trustee filed a Complaint to Deny/Revoke Discharge of Thomas Hickman which caused the case to be split. There was no objection to the discharge of Helyn M. Hickman and thus, she was discharged on September 14, 1992. On September 18, 1992, Debtor and his wife filed an amendment to Schedule C adding a 1988 Ford Tempo as exempt but still leaving blank the statutory basis of the real estate exemption. Ten days later the Trustee, John J. Hunter, filed an Objection to Amended Exemptions challenging debtors lack of a code section to explain the foundation of the exemption. There were other objections cited also which are not relevant to this inquiry. On October 30, 1992, Debtor filed a Response claiming the exemption of the real estate under 11 U.S.C. § 522(b)(2)(B). On November 13, 1992, Trustee filed a Response to Debtor's Claim of Exemptions Pursuant to 11 U.S.C. § 522(b)(2)(B).

## LAW

This case is a core proceeding to be heard and decided by the Federal Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(1).

All of the property of the debtor initially comes into the debtor's bankruptcy estate pursuant to 11 U.S.C. § 541 which reads in relevant part:

**§ 541. Property of the estate.**

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

Debtors may then claim exemptions of certain property pursuant to 11 U.S.C. § 522 which reads in relevant part:

**§ 522. Exemptions.**

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the

debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer period of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

(1) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. *Unless a party in interest objects, the property claimed as exempt on such list is exempt.*
(Emphasis added.)

Creditors and the trustee are then allowed time to object to the debtor's claimed exemptions.

**Rule 4003. Exemptions.**

(b) **Objections to Claims of Exemptions.** The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list *or supplemental schedules* unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

## DISCUSSION

The Debtor claims that the Trustee waived his right to object to the exemption by not filing his objection within the allotted 30 days. The Trustee asserts that the 30 days tolled from the time of the filing of the amendment on September 18, 1992, thus, his objection filed on September 28, 1992 was timely. Through the years, courts have been split on the interpretation of Rule 4003. Some courts have interpreted it very narrowly. The Rule does not provide any exceptions to the 30 day requirement aside from obtaining an extension from the court. *Taylor v. Freeland & Kronz*, 938 F.2d 420 (3rd Cir.1991), *aff'd* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) ("Our task is 'to interpret the rules neither liberally nor stingily, but only, as best we can, according to their apparent intent.' ") (quoting *Torres v. Oakland*, 487 U.S. 312, 319, 108 S.Ct. 2405, 2410, 101 L.Ed.2d 285 (1988) (Scalia, J., concurring)); *In re Grossman*, 80 B.R. 311 (Bankr.E.D.Pa.1987). The second group of courts believe they must first determine if it is a valid exemption and if it is not, then an objection given past the 30 days may still be granted. *In re Stutterheim*, 109 B.R. 1010 (D.Kan.1989); *In re Bennett*, 36 B.R. 893 (Bankr.W.D.Ky.1984). Other courts have been more liberal in applying Rule 4003 stating that an exemption must be made in "good faith" and if not, then the tolling of the 30 day limitation will not preclude the court from denying the exemption. *Matter of Dembs*, 757 F.2d 777 (6th Cir.1985); *In re Peterson*, 920 F.2d 1389 (8th Cir.1990).

The Sixth Circuit Court has followed the third view. *In re Dembs*, 757 F.2d 777 (6th Cir.1985). The *Dembs* case involved an unsecured creditor trying to reach property claimed exempt by the debtor to satisfy a judgment claim. The unsecured creditor argued that because the debtor had not provided any statutory basis for the property exemption, the court should deny the exemption. The court said that there must be a good faith statutory basis in claiming the exemption or it would be allowing "exemption by declaration". *Id.* at 780. This issue was taken up by the Supreme Court recently in *Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (affirming *Taylor v. Freeland & Kronz*, 938 F.2d 420 (3rd Cir.1991) cited above). The Court held that the statute clearly allows only 30 days to object and does not provide exceptions beyond a request for extension by the court. The Court held that they "have no authority to

limit the application of § 522(1) to exemptions claimed in good faith" and that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."

■ In this case, the claimed real estate exemption was on the original bankruptcy filing in April of 1992. The Debtors provided the location of the property as well as a value. Although a prudent debtor would have provided a statutory basis for the exemption, not doing so does not render it an invalid or "bad faith" exemption. The trustee could have, per § 522(1), requested additional time from the Court to inquire further into the Debtors' claim. Extra time surely would have been granted.

■ The Trustee also claims that the statute of limitation did not start to run until Debtors filed their amendment on September 18, 1992. This is based on the language in language in Rule 4003 "... within 30 days after ... the filing of any amendment to the list." Clearly, the Trustee had 30 days to object to the automobile which was added on September 18, 1992. The claimed exemption for the real estate on the amended schedule appeared exactly as it had on the original filing months earlier. This Court does not believe that an amendment is meant to open up all the other claims to objection.

The question of which state's "applicable nonbankruptcy law" would be used to determine if the Debtor may exempt his real estate from the bankruptcy estate need not be decided. Had the Trustee objected in time, the result may have been very different.

Accordingly, it is

**ORDERED** that the property located in Lebanon, Indiana owned by Thomas and Helyn Hickman as tenants by the entirety, be, and is hereby exempted from the bankruptcy estate.