**In re Jerry Don LEMONS and Kimberly R. Lemons, Debtors.**

No. 02–16712–NLJ.

United States Bankruptcy Court, W.D. Oklahoma.

Nov. 13, 2002.

H. Allen Johnson, Lawton, OK, for Debtors.

Kenneth L. Spears, Oklahoma City, OK, for Debtors' Counsel.

### ORDER IMPOSING SANCTIONS

NILES L. JACKSON, Bankruptcy Judge.

#### Issue Presented

The issue presented can be succinctly stated: what sanctions, if any, should be levied against an attorney who misrepresented settled law in a Chapter 13 plan? Further, a more expansive query: what should be done to discourage future attempts of such "gamesmanship?"

#### Confirmation Hearing

This case came on for hearing on confirmation of Debtors' Chapter 13 plan, to which creditors, United Student Aid Funds, Inc., Oklahoma State Regents for Higher Education, and Educational Credit Management Corporation (hereinafter collectively referred to as "Creditors"), objected. Creditors' objections focus primarily upon the following paragraph included among "Special Plan Provisions" in Debtors' chapter 13 Plan Summary:

> 3. Student loans: The debtor, Jerry Lemons, proposes to pay all principal and accrued interest on his student loans as unsecured *with interest to abate*

*during the term of the chapter 13 plan;* the remaining principal is acknowledged as being nondischargeable. *All collection expenses and penalties shall be paid as unsecured and discharged.* Student loan creditors not timely filing claims will be discharged.

Chapter 13 Plan Summary at ¶ 3 (emphasis added). During the hearing, Creditors argued that a student loan obligation is non-dischargeable in bankruptcy, and that post-petition interest on a non-dischargeable debt continues to accrue during the bankruptcy and is also non-dischargeable. Creditors pointed out that counsel for Debtors is aware of this fact since he tried to accomplish the identical result in at least one previous case but was unsuccessful. *See* Order Denying Confirmation, *In re Barker*, No. 00–15173–TS (Bankr.W.D. Okla. filed October 13, 2000).

After recessing to review *Barker*, the Court reconvened the hearing and announced its conclusion that *Barker* prohibited the actions attempted in paragraph three of Debtors' Plan Summary. Based upon that finding, the Court granted leave for counsel to modify Debtors' plan to comply with the Bankruptcy Code and applicable case law, and stated that it would enter an order setting a hearing directing Debtors' counsel to appear and show cause why he should not be sanctioned for violation of Federal Rule of Bankruptcy Procedure 9011(b)(2).[1]

### Sanctions Hearing

At the show cause hearing, counsel for Debtor confirmed he had been counsel of record in the *Barker* case. He further conceded that subsequent research rendered untenable his position set forth in the Plan Summary filed in this case that student loan interest would abate during the term of the plan and that collection expenses and penalties would be discharged. He represented to the Court that prior to the show cause hearing he had issued a "Notice to Student Loan Entities." This document notified student loan creditors that Debtors' plan would be modified to provide that interest will in fact accrue on their claims during the pendency of the bankruptcy, and that upon Debtors' completion of their plan, the remaining balance of principal and accrued interest will be non-dischargeable. Finally, Counsel pledged not to make the same error in the future and assured the Court he would examine all pending Chapter 13 cases in which he was attorney of record, both pre– and post-confirmation, and take appropriate action where similar errors are found.[2]

Creditors' attorneys did not ask for a monetary sanction against Debtors' attorney; their utmost concern was receiving assurance this type of incident will not occur in the future. Creditors' counsel further asked the Court to consider expanding the scope of this sanctions order and submitting it for publication. In addition to the conduct before the Court in this case, Creditors' concerns included: (1) problems arising from the high volume of Chapter 13 cases combined with a short time fuse for objecting to proposed plans, especially where the loan has been transferred and the recipient of the original bankruptcy notice is not the ultimate guarantor of the obligation; (2) problems arising when debtors' counsel choose not to file the plan and schedules with the petition, but instead file them within fifteen

---

1. Subsequent references to rules herein shall be to the Federal Rules of Bankruptcy Procedure, unless otherwise specified.

2. Counsel acknowledged that confirmed plans would need to be modified, but also noted that he would need to discuss with the clients involved whether they would prefer to modify, convert, or dismiss.

days thereafter as allowed by Rule 3015(b);[3] (3) provisions incorporated into plans claiming property as exempt that is clearly non-exempt; (4) provisions incorporated into plans characterizing property as unsecured that is clearly secured; (5) provisions incorporated into plans that unilaterally lower a contract rate of interest; (6) attempts to. cram down junior mortgages without proper notice; and (7) "gamesmanship"—encompassing all of the above and referring to other similar attempts by members of the Chapter 13 Bar to bypass clear and unambiguous language of the Bankruptcy Code and controlling case law.[4] The Court is also aware of a case in which an attorney was sanctioned for undervaluing a debtor's asset without any investigation into its true value. *See In re Ridner,* 102 B.R. 247 (Bankr.W.D.Okla. 1989).

■■■ As to the issue presented in this case, the Bankruptcy Code and case law are clear that student loan obligations, as well as interest thereon, cannot be discharged in bankruptcy unless the debtor can establish undue hardship under 11 U.S.C. § 523(a)(8). *Bruning v. United States,* 376 U.S. 358, 363, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). Furthermore, interest on such non-dischargeable obligations continues to accrue during the pendency of the bankruptcy. *Id.* The existence of "undue hardship" is a fact question that can be determined only through an adversary proceeding. Rule 7001(6).

■■■ Courts have noted a disturbing trend known as "discharge by declaration" wherein the debtor simply lists the student loan debt and notes its discharge by hardship in the proposed plan without filing an adversary proceeding. *Banks v. Sallie Mae Servicing Corp. (In Re Banks),* 299 F.3d 296 (4th Cir.2002) (citing *In re Evans,* 242 B.R. 407, 413 (Bankr.S.D.Ohio 1999)). If no objection is filed, the plan is confirmed and the debtor argues the debt that is expressly "non-dischargeable" becomes dischargeable. *See Andersen v. UNIPAC–NEBHELP (In re Andersen),* 179 F.3d 1253 (10th Cir.1999). If an objection is filed, the plan is amended and the offending language is deleted. This trend is hardly new, even in this jurisdiction.[5]

While counsel assert "they are compelled by *Andersen* to recommend that their clients include these unlawful plan provisions," *Hensley,* 249 B.R. at 321, this Court can find no authority to support that position. In fact, numerous courts that

---

**3.** Rule 3015(b) allows the debtor to file a chapter 13 plan with the petition. However, if the plan is not filed with the petition, it must be filed within fifteen days thereafter. This Court's Chapter 13 Guidelines provide that:

> If, pursuant to Fed. R. Bankr.P. 3015, the debtor files a petition and elects to separately file a plan within fifteen days thereafter, the debtor must serve the proposed plan or a complete summary of the proposed plan on each creditor, any party in interest who has requested notice, the Chapter 13 Trustee, and the Assistant United States Trustee, and must file a certificate of service pursuant to Loc. R. Bankr.P. 9007(d).

Chapter 13 Guidelines at 2. Counsel for creditors pointed out, and the Court is otherwise

aware, that there are numerous instances in which counsel for debtors fail to comply with this requirement and creditors receive *no notice at all of the plan provisions* and lose the opportunity to object.

**4.** My predecessor, Judge TeSelle, coined the term "gamesmanship," and decisively labeled it as unethical. *See In re Hensley,* 249 B.R. 318, 323 (Bankr.W.D.Okla.2000).

**5.** The Fourth Circuit Court of Appeals noted that "[t]he number of Debtors seeking to improperly discharge nondischargeable debt increased significantly following the decisions of our sister Circuits in *In re Andersen* and *In re Pardee*[, 218 B.R. 916 (9th Cir. BAP 1998)]." *Banks,* 299 F.3d at 301. See also *In Re Hensley,* 249 B.R. 318.

have addressed *Andersen* have characterized it as a *res judicata* case. *See Banks,* 299 F.3d at 299 (the court "held the judicial policy favoring finality of confirmation must prevail even if the plan contained provisions contrary to the Bankruptcy Code."); *Poland v. Educational Credit Mgmt. Corp. (In re Poland),* 276 B.R. 660, 665 (D.Kan.2001); *Witaschek v. Sacramento County Bureau of Family Support (In re Witaschek),* 276 B.R. 668, 679 (Bankr. N.D.Okla.2002); *In re Loving,* 269 B.R. 655, 661 (Bankr.S.D.Ind.2001); *In re Webber,* 251 B.R. 554, 556 (Bankr.D.Ariz.2000); *Hensley,* 249 B.R. at 322 ("[b]ased on these particular facts and on the strong policy in favor of finality, the Tenth Circuit concluded that confirmation of the chapter 13 plan bound the student loan creditor to the plan's treatment of the student loan obligation under the theory of *res judicata.*"); *In re Fox,* 249 B.R. 140, 143 (Bankr. D.S.C.2000); *In re Conner,* 242 B.R. 794, 797 (Bankr.D.N.H.1999) ("the results obtained in *Andersen* were based on principles of *res judicata....*").

Notwithstanding its holding, the *Andersen* court recognized Congress' "clear desire to restrict dischargeability" of student loan obligations, and emphasized that its "holding does not in any manner lessen a debtor's burden of proof on the issue of undue hardship when seeking to discharge an educational loan." 179 F.3d at 1260. It is undisputed that "[t]he Bankruptcy Code and Rules require Debtors to bring an adversary proceeding to determine the dischargeability of their student loans ... [and to] discharge post-petition interest on student loan debt." *Banks,* 299 F.3d at 300 (citations omitted). Such a proceeding

involves the rights of specific parties, therefore invokes heightened notice requirements. Rule 7004. The *Banks* court points out that the *Andersen* court failed to "expressly address[ ] the due process requirement," and went on to specifically address such requirement:

We agree a bankruptcy court confirmation order generally is afforded a preclusive effect. But we cannot defer to such an order if it would result in a denial of due process in violation of the Fifth Amendment to the United States Constitution. Where the Bankruptcy Code and Bankruptcy Rules specify the notice required prior to entry of an order, due process generally entitles a party to receive the notice specified before an order binding the party will be afforded preclusive effect.

*Banks,* 299 F.3d at 302 (footnotes and citations omitted).

This Court agrees with the numerous courts that characterize *Andersen* as a *res judicata* case, and further agrees with the *Banks* court that the *Andersen* court failed to address the due process requirement. Accordingly, in the absence of guidance on this issue from *Andersen,* this Court will follow the *Banks* decision and will enforce compliance with the due process requirements set forth in the Bankruptcy Code and Bankruptcy Rules.

Another similar practice has been labeled "exemption by declaration." *See In re Bennett,* 36 B.R. 893 (Bankr.W.D.Ky. 1984).[6] An excellent discussion of the issue, and three options courts have used to deal with it, is found in *Taylor v. Freeland & Kronz,* 938 F.2d 420 (3rd Cir.1991). In the *Taylor* case, the Third Circuit Court of

---

**6.** In its discussion of the practice of "exemption by declaration," the *Bennett* court provides the following compelling analysis:

What we have chosen to call "exemption by declaration" is unacceptable for broader policy reasons. The obvious result of such

a rule would be to encourage a debtor's claim that *all* of his property is exempt, leaving it to the bankruptcy trustee and creditors to successfully challenge that claim. We would revert to the law of the streets, with bare possession constituting

Appeals adopted the "literal" approach and held that "in the absence of an objection filed [timely] property claimed as exempt by the debtor is exempt." *Id.* at 424. However, the *Taylor* court emphasized that "Rule 9011 ... forbids bad faith exemption claims and authorizes sanctions for violation of this prohibition," *Id.* at 426.

The United States Supreme Court affirmed the *Taylor* decision, remarking that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." 503 U.S. 638, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992). The Supreme Court addressed the concern that this case would encourage debtors to claim as exempt property that would otherwise not be exempt in the hope no objection would be filed by stating that "[d]ebtors and their attorneys face penalties ... for engaging in improper conduct in bankruptcy proceedings." *Id.* at 1648. The Court referred to 11 U.S.C. § 727(a)(4)(b), Rule 9011, Rule 1008 and 18 U.S.C. § 152 as "provisions [that] may limit bad-faith claims of exemptions by debtors." *Id.* This language has been interpreted to mean that "courts are to impose Rule 9011 sanctions to deter improper exemptions by declaration." *In re Evans,* 242 B.R. 407, 413 (Bankr.S.D.Ohio 1999).

In accord is the *Smith* case, wherein the debtors attempted to exempt personal property unsupported by state law. *In re Smith,* 143 B.R. 912 (Bankr.D.Neb.1992). According to Judge Minahan: "[t]he assertion of exemptions without statutory basis is a serious matter .... If an attorney or party violates Rule 9011, by claiming exemptions which are not supported by the facts or by law, the bankruptcy court should impose sanctions." *Id.* at 914 (citing *Taylor,* 938 F.2d at 426). Judge

Minahan further stated that "[i]t is obvious that counsel may not participate in any fashion to assert exemptions in the United States Bankruptcy Court to which their client is not entitled. Debtors' counsel, as an officer of the court providing professional services in connection with a case, must discharge duties in accordance with high professional standards." 143 B.R. at 914.

Is it then such an illogical stretch to assume that Rule 9011 sanctions should not also be applied to other examples of bankruptcy "gamesmanship" as delineated above? I think not.

### THE LAW OF SANCTION

■ The law of sanction is governed by Rule 9011. Specifically, Rule 9011(b) provides that:

By presenting to the court ... a petition, pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances–

(1) it is not being presented for any improper purpose ...;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law ....

Rule 9011(b). Upon a determination that Rule 9011(b) has been violated, "the court may ... impose an appropriate sanction ...." Rule 9011(c).

■ The purpose of imposing Rule 9011 sanctions "is to deter frivolous litigation and filings.... [T]he sanction imposed should be the minimum necessary to

not nine, but ten, parts of the law; orderly administration of estates would be replaced by uncertainty and constant litigation if not outright anarchy.

*Bennett,* 36 B.R. at 895 (footnote omitted) *abrogation recognized by In re Hickman,* 157 B.R. 336 (Bankr.N.D.Ohio 1993).

deter future violations." 10 COLLIER ON BANKRUPTCY ¶ 9011.05[1] (15th ed. rev.) (footnotes omitted). The following factors provide guidance as to whether to impose a sanction and if so, what sanction to impose:

- whether the improper conduct was willful or negligent;
- whether it was part of a pattern of activity, or an isolated event;
- whether it infected the entire pleading or only one particular count or defense;
- whether the person has engaged in similar conduct in other litigation;
- whether it was intended to injure; what effect it had on the litigation process in time or expense;
- whether the responsible person is trained in the law;
- what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case;
- what amount is needed to deter similar activity by other litigants.

*Id.* at ¶ 9011.07[1]. Whenever possible, nonmonetary sanctions are preferred over monetary sanctions. *Id.* at 9011.09[2]. Examples of nonmonetary sanctions include admonition, reprimand, removal from the case, dismissal of the action, striking the offending paper, requiring participation at seminars, referring the matter to disciplinary authorities, and forbidding the sanctioned party from pursuing further litigation without court permission. *Id.*

■ In this case, this Court is of the opinion that Mr. Johnson's conduct violated Rule 9011(b) and therefore the imposition of sanctions is warranted. Based upon the representations of Mr. Johnson during the show cause hearing, the Court is of the opinion that the following sanction is the minimum that will deter such conduct in the future.

The Court hereby admonishes Mr. Johnson for his conduct in this case. If such violation occurs again, the Court will consider monetary sanctions. Mr. Johnson is further ordered to purge the offending language from proposed plans in pending cases and to take appropriate action in confirmed cases in which the plans include the offensive language. The Court will also hold Mr. Johnson to his word that this type of gamesmanship will not re-occur.

■ In addition, all bankruptcy counsel are hereby placed on notice of this Court's dim view of other efforts of gamesmanship mentioned above, especially those delineated within "discharge by declaration" and "exemption by declaration." This Court "may impose sanctions on its own initiative," Rule 9011(c)(1)(B), and will not hesitate to take appropriate action to deter such conduct.