In re Ernestine DENNIS.

Altegra Credit Company, Plaintiff,

v.

Ernestine Dennis, Defendant.

Bankruptcy No. 01–16016–TS.
Adversary No. 02–1228–NLJ.

United States Bankruptcy Court,
W.D. Oklahoma.

Dec. 17, 2002.

---

37. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548 (citing Fed.R.Civ.P. 1).

Gretchen Latham, David Beal, Love, Beal & Nixon, Oklahoma City, OK, for Plaintiff.

Michael J. Rose, Michael J. Rose & Associates, Oklahoma City, OK, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

NILES L. JACKSON, Bankruptcy Judge.

### Background

Plaintiff initiated this adversary proceeding, asking the Court to declare its lien to be valid, enforceable, and unaffected by certain extraneous language in the Order Confirming Defendant–Debtor's Chapter 13 Plan, and to except from discharge the obligation Defendant owes Plaintiff. Defendant moved to dismiss this proceeding, asserting the complaint is barred by the doctrine of *res judicata* and pursuant to *Andersen v. UNIPAC–NEBHELP (In re Andersen)*, 179 F.3d 1253 (10th Cir.1999), and that Plaintiff cites no legal grounds for excepting the obligation from discharge. Plaintiff has responded to the motion to dismiss, thus placing it at issue.

### Material Facts

According to her counsel, in 1999 Defendant obtained a loan for necessary repairs to her home for which the lender took a non-purchase money security interest in her home.[1] On June 11, 2001, she filed her petition for Chapter 13 reorganization. Trustee conducted the § 341 Meeting of Creditors on July 19, 2001, at the conclusion of which Defendant's 58 month plan was confirmed without objection.

A review of the file reveals that Defendant's Schedule A lists the "House at 1125 Bellevidere Drive," reflects a current market value of $28,000.00, and the amount of the secured claim as $28,737.00. Schedule D, which is entitled "Creditors Holding Secured Claims," lists Plaintiff as the holder of a mortgage with a claim of

---

1. The Court is relying upon counsel's representation at this time, as these loan documents have not been made a part of the record.

$28,737.00, of which $737.00 is characterized as unsecured. Additionally, the Plan lists the obligation owed Plaintiff in Section 4(c), "Secured Claims."

The first hint that Defendant might challenge the validity of Plaintiff's lien appears in Schedule B, at line 20, wherein Defendant discloses a contingent, unliquidated claim against Plaintiff under the Truth in Lending Act and the Oklahoma Consumer Protection Act. Nevertheless, there is nothing in the file to indicate that Defendant filed the requisite adversary proceeding under Fed. R. Bankr.P. 7001(2) to challenge the validity of Plaintiff's lien. The only other indication of such intent is contained in Defendant's proposed plan, which lists the "Proposed Amount of Allowed Secured Claim," the "Monthly Payment," and the "Interest Rate" as "0," and underneath that line is the notation "TO BE TREATED AS AN UNSECURED CREDITOR AND DISCHARGED UPON COMPLETION OF THE PLAN." The Plan was confirmed with this language intact.

On December 3, 2001, Trustee filed his "Notice of Claims Filed and Intention to Pay Claims." This notice reflects that Plaintiff did not file a claim, thus Trustee would not be making distributions to Plaintiff from plan proceeds.

Plaintiff's attorney filed her Entry of Appearance and a Proof of Claim on behalf of Plaintiff on April 29, 2002. Plaintiff then filed this adversary proceeding that prompted the Motion to Dismiss that is now before the Court. For the reasons stated below, the Motion to Dismiss is denied.

## Applicable Law and Discussion

■ Both the Bankruptcy Code and Federal Rules of Bankruptcy Procedure are pertinent in this case. First, the Code provides that "the plan may ... modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence ....*" 11 U.S.C. § 1322(b)(2) (emphasis added). Next, pursuant to Rule 7001(2) "to determine the validity, priority, or extent of a lien or other interest in property," an adversary proceeding must be brought. Thus, a debtor cannot morph the status of a secured lien into an unsecured lien by simply stating it is so in its plan. To accomplish that task the debtor must file an adversary proceeding of which the creditor is entitled to specific notice. Attempts by some debtors' counsel to bypass the requirements of Rule 7001 by simply declaring in plan summaries that secured debts magically become unsecured, or that non-exempt property magically becomes exempt have been termed "gamesmanship" and "unethical." *See In Re Lemons*, 285 B.R. 327 n. 4 (Bankr.W.D.Okla.2002)(citing *In re Hensley*, 249 B.R. 318, 323 (Bankr.W.D.Okla. 2000)).

■ The Court has previously addressed this issue in its recent decision in *Ameriquest Mortgage Co. v. Davis (In re Davis),*[2] which counsel for Defendant concedes is directly on point with the facts in this proceeding.[3] Despite the fact there is controlling authority, Defendant is advancing her position anew to preserve her right to appeal the issue at a later date. Therefore, in order to make the Court's position abundantly clear, the Court hereby reaf-

**2.** Ch. 13 Case No. 01–16017–TS, Adv. No. 02–1108–NLJ, slip op. (Bankr.W.D.Okla. Sept. 18, 2002).

**3.** Mr. Michael Rose is counsel of record for debtors in both the *Davis* case and this case.

firms its decision in *Davis* and herein repeats the relevant portions of the *Davis* opinion:

Defendant's motion is premised on the faulty proposition that she could circumvent the necessity of filing an adversary proceeding to avoid the lien securing Plaintiff's claim on her homestead by including a provision in her Chapter 13 plan providing that Plaintiff is "TO BE TREATED AS AN UNSECURED CREDITOR AND DISCHARGED UPON COMPLETION OF THE PLAN." *See* Defendant's Chapter 13 Plan, ¶ 4(c). Defendant's Chapter 13 plan, with this provision intact, was confirmed by the Court on July 24, 2001. Moreover, Plaintiff neither objected to the confirmation of Plaintiff's plan, nor sought to have the confirmation order vacated within 180 days pursuant to 11 U.S.C. 1330. Accordingly, as the Tenth Circuit held in *Andersen, supra.*, the confirmation order is a final order that is not subject to collateral attack. The fatal flaw in Defendant's Motion to Dismiss, however, is its failure to recognize that the claims alleged by Plaintiff in its adversary proceeding do not present a collateral attack on the confirmation order. Rather, Plaintiff simply seeks to confirm that its lien on Defendant's home remains unaffected by its treatment under Defendant's plan.

Clearly, Plaintiff would have been acting within its rights to object to the plan provision in question. Its failure to do so did not, however, result in the avoidance of its lien. The Bankruptcy Rules make clear that a proceeding to determine the validity, priority, or extent of a lien or other interest in property must be commenced by the filing of an adversary proceeding. *See* Fed. R.Bankr.P. 7001(2). No such lien avoidance adversary proceeding was filed in this case. Moreover, 11 U.S.C. § 1322(b)(2) prohibited Defendant from modifying Plaintiff's rights because its claim was secured by real property that is Defendant's principal residence.

At best, Defendant's plan provision resulted in the discharge of her personal liability to Plaintiff in the event she completes the payments called for under her plan. The plan provision in question did absolutely nothing to affect Defendant's lien on her home. If Defendant wished to challenge the validity, extent or priority of Plaintiff's lien, she was required to do so through an adversary proceeding. Having failed to do so, Plaintiff retained its lien post-confirmation.

The Court also wishes to express its disapproval of the insertion of a plan provision such as that included in Defendant's plan herein. As noted above, the Bankruptcy Code expressly prohibits the modification of the rights by a Chapter 13 plan of holders of secured claims secured only by a security interest in real property that is the debtor's principal residence. 11 U.S.C. § 1322(b)(2). The insertion of a plan provision, such as that included in Defendant's plan herein, is nothing less than an attempt to effect such a prohibited modification. The Court equates the inclusion of the plan provision herein with the sanctionable gamesmanship discussed in *In re Hensley*, 249 B.R. 318 (Bankr.W.D.Okla. 2000). If Defendant has a good faith basis to contest the validity of Plaintiff's lien, the applicable procedures require that such contest take place in the context of an adversary proceeding. The reason for this requirement is obvious. The lien holder is entitled to have specific notice of the challenge to the validity, priority or extent of its lien, as well as the opportunity to adequately defend the validity of its lien claim.

Moreover, as in *Hensley,* the Court finds Defendant's reliance on the decision of the Tenth Circuit in *Andersen* to be entirely misplaced. The debtor in *Andersen* had completed her plan payments and received her discharge before the creditor became active in attempting to collect the amounts owed to it. This, in turn, implicated the strong policy in favor of finality of the confirmation order, causing the Tenth Circuit to conclude that the creditor was bound by the treatment prescribed by the confirmed plan under the theory of *res judicata.* In this case, Defendant has neither completed her plan payments, nor received her discharge.....

This case is also distinguishable from *Andersen* in that the debt in question in *Andersen* was unsecured student loan debt, whereas the debt at issue herein is secured by a lien on Defendant's homestead. Nothing in Defendant's confirmed Chapter 13 plan discloses Defendant's intent to avoid this lien. At best, Defendant's plan discloses Defendant's intention to treat Plaintiff's debt as unsecured for the purposes of her plan, and to discharge her personal liability for such debt upon the completion of the payments called for under the plan.

Defendant's reliance on her schedules to disclose her intent to avoid Plaintiff's lien is specious..... The only intimation that Defendant might challenge the validity of Plaintiff's lien is found in Schedule B, line 20, wherein Defendant discloses a contingent, unliquidated claim under the Truth in Lending Act and the Oklahoma Consumer Protection Act against Plaintiff. Permitting the plan provision in question to have the effect advocated by Defendant would allow Defendant to receive the benefits of a judgment in her favor under the Truth in Lending Act and the Oklahoma Consumer Protection Act based on her unsubstantiated claims of violations of these consumer protection statutes, and without ever actually having to prove the validity of her claims under either statute.

Given the Court's strong disagreement with Defendant regarding the legal effect of the plan provision in question, the Court denies Defendant's motion to dismiss Plaintiff's adversary complaint.

Order Denying Plaintiff's Motion to Strike and Denying Defendant's Motion to Dismiss, Davis, Ch. 13 Case No. 01–16017–TS, Adv. No. 02–1108–NLJ, slip op. at 3—6 (Bankr.W.D.Okla. Sept. 18, 2002). Because *Davis* had not been decided at the time Defendant–Debtor's proposed plan was confirmed, on June 11, 2001, counsel for Defendant did not have the benefit of this Court's interpretation of *Andersen.* There should now be no question in the mind of counsel for Defendant, as well as all other counsel who practice before this Court, that this Court vehemently disapproves of any tactic employed by debtors' counsel which attempts to affect the rights of creditors without due process.

Having so stated, the Court urges counsel to be mindful that:

Debtors and their attorneys face penalties under various provisions for engaging in improper conduct in bankruptcy proceedings. See, *e.g.,* 11 U.S.C. § 727(a)(4)(B) (authorizing denial of discharge for presenting fraudulent claims); Rule 1008 (requiring filings to "be verified or contain an unsworn declaration" of truthfulness under penalty of perjury); Rule 9011 (authorizing sanctions for signing certain documents not "well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law"); 18

U.S.C. § 152 (imposing criminal penalties for fraud in bankruptcy cases).

*Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992). Further, as set forth in *Lemons:*

> [A]ll bankruptcy counsel are hereby placed on notice of this Court's dim view of ... gamesmanship .... This Court "may impose sanctions on its own initiative," Rule 9011(c)(1)(B), and will not hesitate to take appropriate action to deter such conduct.

285 B.R. at 333.

Given the reasons cited above, Defendant's Motion to Dismiss is denied. This proceeding will be set on the Court's next available pre-trial scheduling docket.