**In the Matter of the Petition for the Enforcement of a Subpoena Issued to DELAWARE RIVER STEVEDORES.**

Misc. No. 97–164.

United States District Court, E.D. Pennsylvania.

Sept. 17, 1997.

### MEMORANDUM and ORDER

SHAPIRO, District Judge.

Holt Cargo Systems, Inc., Astro Holdings, Inc., and Holt Hauling and Warehousing Systems, Inc. (collectively referred to as "Holt"), filed a Petition to Enforce a Subpoena ("Petition to Enforce") issued by the Federal Maritime Commission ("FMC" or "Commission") to Delaware River Stevedores ("DRS"). DRS filed a Motion to Dismiss or, in the Alternative, in Opposition to the Petition to Enforce the Subpoena ("Motion to Dismiss"). After careful consideration of Holt's Petition and Stevedore's Motion, the subpoena will be quashed.

### FACTS

This miscellaneous matter is related to a civil action that has been assigned to this judge, *Holt v. Delaware River Port Auth.* *["DRPA"], the Port of Philadelphia & Camden, Inc. ["PPC"], & the Philadelphia Reg.*

*Port Auth. ["PRPA"]*, Civil Action No. 94–7778. Part of the multi-count complaint in that matter involved claims related to the lease of the Packer Avenue Marine Terminal (the "Packer Avenue lease"). Defendants argued that the allegations related to the lease were within the primary jurisdiction of the FMC. This court permitted the FMC to participate as *amicus curiae*; the FMC asserted that the allegations involving violations of the Packer Avenue lease were within the jurisdiction of the FMC pursuant to the Shipping Act of 1984. Holt chose to dismiss the counts related to the lease and submit those claims to the FMC.

In the action pending before the FMC, Holt served subpoenas on a number of third-parties. Service of the subpoenas has generated additional litigation before this court, as Holt has filed petitions to enforce those subpoenas. *See, e.g., In re Petition for Enforcement of Subpoenas of the FMC Issued to Jose Diaz/Tioga Fruit Terminal, Inc. & Chilean Line, Inc.*, No. 97–mc–21 (E.D.Pa. July 22, 1997).

Holt served a subpoena dated October 31, 1996, on DRS. On November 22, 1996, DRS filed a motion with the FMC to quash the subpoena. Administrative Law Judge Frederick J. Dolan, Jr. ("ALJ Dolan"), modified the subpoena by orders dated December 10, 1996 and January 2, 1997.[1] The terms of the subpoena have not been amended or modified since then.

Holt filed the present Petition to Enforce on August 14, 1997. DRS filed its responsive motion on August 28, 1997.

1. As modified, the subpoena seeks disclosure of the following documents from DRS:
    1. All contracts, proposed contracts, or any other contractual documents with any of the respondents relating to: (a) lease; (b) dockage, wharfage or usage equipment; and/or (c) any other agreement relating to the loading, unloading and/or storage of cargo.
    2. A "schedule" of rates charged to customers.
    3. Price studies or comparisons performed, or requested to be performed, by you which examine the impact on your business and/or revenue of charging particular rates for services at the Port of Philadelphia.
    4. All documents reflecting, referring or relating to communications between you, any of the respondents, and/or any third parties regarding Holt.

## DISCUSSION

"A district court should enforce an agency subpoena if the subpoena is for a proper purpose, and statutory procedures are observed." *NLRB v. Frazier*, 966 F.2d 812, 815 (3d Cir.1992). Other factors for the court to consider include: privacy, breadth, potential for harm from subsequent, nonconsensual disclosure, adequacy of safeguards and the burden of production. *See FDIC v. Wentz*, 55 F.3d 905, 908–09 (3d Cir.1995) (citing *Whalen v. Roe*, 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977); *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 578 (3d Cir.1980)). The court may also consider whether the subpoena was issued by the agency for a regulatory purpose or by a private party in furtherance of private litigation.

In the present matter, DRS has given four reasons that the subpoenas should be quashed: (1) Holt's petition for enforcement was not filed within the 20–day period required by FMC rules, under 46 C.F.R. § 502.210(b); (2) the subpoena requests the disclosure of information that is not relevant to the underlying cause of action; (3) the petition fails to demonstrate that Holt's need for the information outweighs the burden that it imposes on a commercial competitor; and (4) the petition was filed in furtherance of a prosecution of a complaint that was never properly verified as required by 46 C.F.R. § 502.62.

5. All documents relating to any activity conducted by you as the agent or nominal agent of any activity conducted by you as the agent or nominal agent of any of the respondents at the Port of Philadelphia, including, but not limited to, stevedoring, dockage, wharfage and/or storage of cargo.
*Holt Cargo Systems, Inc. et al. v. Delaware River Port Authority, et al.*, No. 96–13, FMC opinion (January 2, 1997) (attached to Petition to Enforce, Exhibit C); *Holt Cargo Systems, Inc. et al. v. Delaware River Port Authority, et al.*, No. 96–13, FMC opinion (December 10, 1996) (attached to Petition to Enforce, Exhibit B); FMC subpoena dated October 31, 1996 (attached to Petition to Enforce, Exhibit A).

The FMC has enacted regulations to govern practice and procedure before the Commission. These regulations provide for relief when the recipient of a subpoena refuses to comply. Rule 210(b) sets forth a strict time limit for a party to seek enforcement of a subpoena in a United States District Court. The relevant portion of the regulation requires that "[a]ny action with respect to enforcement of subpenas [sic] or orders relating to depositions, written interrogatories, or other discovery matters *shall be taken* within twenty (20) days of the date of refusal to obey or failure to comply." [2] 46 C.F.R. § 502.210(b) (emphasis added).

The use of the word "shall" in Rule 210(b) is of importance; "although there are occasions where 'shall' has been interpreted to vest discretionary, rather than mandatory, authority to act, the wording of the statute is the most persuasive evidence of ... intent." *United States v. Kravitz*, 738 F.2d 102, 104 (3d Cir.1984), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1752, 84 L.Ed.2d 816 (1985).

█ One of the primary rules of statutory construction is to follow the plain language of the statute. *See, e.g., Mansell v. Mansell*, 490 U.S. 581, 588, 109 S.Ct. 2023, 2028, 104 L.Ed.2d 675 (1989); *In re Segal*, 57 F.3d 342, 345 (3d Cir.1995). "[W]here 'the terms of a statute [are] unambiguous, judicial inquiry is complete except in rare circumstances.'" *Segal*, 57 F.3d at 346 quoting *Taylor v. Freeland & Kronz*, 938 F.2d 420, 424 (3d Cir. 1991), *aff'd*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). "Only where the literal reading of a statute will cause an outcome clearly at odds with the intent of its drafters will the court look beyond the plain language of the statute for its meaning." *Adhesives Research, Inc. v. American Inks & Coatings Corp.*, 931 F.Supp. 1231, 1238 (M.D.Pa.1996).

The same rule applies when interpreting the meaning of regulatory language. The first step in analyzing a regulation to ascertain its meaning must be to examine the plain language used therein. *See Pennsylvania v. United States Dept. of Health & Human Servs.*, 101 F.3d 939, 944 (3d Cir.1996) (The "plain language of the regulation" did "not compel Pennsylvania's suggested reading."). Rule 210(b) on its face requires a moving party to file a district court petition for enforcement within twenty days after the recipient's refusal to comply. *See Elizabeth Blackwell Health Center v. Knoll*, 61 F.3d 170, 183 (3d Cir.1995) (The court should use the "ordinary and natural meaning" of the regulation's terms.), *cert. denied*, 516 U.S. 1093, 116 S.Ct. 816, 133 L.Ed.2d 760 (1996).

In limited circumstances, a court may look beyond a regulation's plain language in interpreting the meaning of the regulation's terms. Generally, courts may not look beyond the plain language of the regulation unless an alternative meaning is compelled "'by other indications of the [agency] Secretary's intent at the time of the regulation's promulgation.'" *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 2386–87, 129 L.Ed.2d 405 (1994) (quoting *Gardebring v. Jenkins*, 485 U.S. 415, 430, 108 S.Ct. 1306, 1314, 99 L.Ed.2d 515 (1988)); *see also Elizabeth Blackwell Health Center*, 61 F.3d at 183.

Even if we rely on the regulatory history, the FMC intended the twenty-day rule to mean exactly what it says. When the FMC enacted the current version of Rule 210(b), it clearly stated that it did not intend to make any substantive changes to the then-existing rule. *See* 49 Fed.Reg. 44362 (November 6, 1984); the FMC characterized the changes as "nonsubstantial." 49 Fed.Reg. 16994, 16996 (April 23, 1984). Prior to the promulgation of the current Rule 210(b) in 1984, the regulation contained the same twenty-day

---

**2.** The complete text of the relevant regulation provides as follows:

In the event of refusal to obey an order or failure to comply with a subpena [sic], the Attorney General at the request of the Commission, or any party injured thereby may seek enforcement by a United States district court having jurisdiction over the parties. Any action with respect to enforcement of subpenas [sic] or orders relating to depositions, written interrogatories, or other discovery matters shall be taken within twenty (20) days of the date of refusal to obey or failure to comply. A private party shall advise the Commission five (5) days (excluding Saturdays, Sundays and legal holidays) before applying to the court of its intent to seek enforcement of such subpenas [sic] and discovery orders.

46 C.F.R. § 502.210(b).

time limit. *See* 46 C.F.R. § 502.210(b) (1983). At the time this version of Rule 210(b) was promulgated, there is no indication that the FMC intended the twenty-day rule to be discretionary rather than mandatory.

The subpoena sought to be enforced was issued on October 31, 1996. DRS informed Holt by letter that it would not comply with the subpoena on December 17, 1996. The twenty-day limitation period began to run on that date, and would expire on January 6, 1997. Holt filed the required five-day notice of its intent to seek enforcement in the district court, pursuant to Rule 210(b), on December 30, 1996. ALJ Dolan granted Holt a waiver of the twenty day rule, pursuant to FMC Rule 10, on January 6, 1997. *See* 46 C.F.R. § 502.10.[3] Holt's deadline was extended to January 28, 1997, by ALJ Dolan.

Before January 28th, Holt claims to have obtained a further oral stay from ALJ Dolan during a telephone conference in which DRS was not involved; this oral stay allegedly was to last until ALJ Dolan entered a confidentiality order to protect DRS from improper disclosure of confidential information. ALJ Dolan entered that confidentiality order on April 28, 1997.

On June 2, 1997, DRS again notified Holt in writing that it would not comply with the subpoena. Holt filed its five-day notice with the FMC evidencing its intent to file a petition for enforcement in the district court the next day. On June 6, DRS filed a motion with ALJ Dolan for a declaration that the time for Holt to seek enforcement in the district court had expired. DRS argued that, even if ALJ Dolan's oral stay were valid, it expired on April 28, and the twenty-day limitation ran from that date.

On June 9, 1997, ALJ Dolan granted a retroactive waiver to avoid "unnecessary delay." *Holt Cargo Systems, Inc., et al. v. Delaware River Port Auth, et al.,* No. 96–13, FMC Order at 3 (June 9, 1997) (attached to Motion to Dismiss, Exhibit 4).

Holt did not comply. On June 23, DRS again informed Holt that it would not comply with the FMC subpoena. Assuming ALJ Dolan's retroactive waiver was effective, the twenty-day clock ran from June 23, 1997, and expired on July 14, 1997. Holt did not file a petition for enforcement in this court until August 14, 1997, a full month after the twenty-day period expired. So even if ALJ Dolan's June 9, 1997 order granting a retroactive waiver was valid, Holt still did not comply with the twenty-day requirements of Rule 210(b).

The twenty-day provision of Rule 210(b) is mandatory. *See* 46 C.F.R. § 502.210(b); *Kravitz,* 738 F.2d at 104. Because Holt did not comply with those provisions, it cannot obtain enforcement of the FMC subpoena. ALJ Dolan was correct in determining that Rule 210(b) is designed to prevent parties from engaging in unnecessary delay. Here, the party delaying was Holt, not DRS.

In related actions to enforce similar subpoenas, the court has refused to enforce them in part because they required information not relevant to the underlying cause of action and the need for the information, even if relevant, was outweighed by the burden on a non-party commercial competitor. But the court need not address these arguments in the case of DRS because enforcement is barred by the twenty-day rule. Holt's Petition to Enforce will be denied.

An appropriate order follows.

---

**3.** FMC Rule 10 provides that the FMC may grant a waiver "to prevent hardship, manifest injustice, or if the expeditious conduct of business so requires." 46 C.F.R. § 502.10.