**Henry George BANKE III, Pamela Sue Banke, Debtors.**

No. 01–01281–W.

United States Bankruptcy Court, N.D. Iowa.

Oct. 19, 2001.

John W. Hofmeyer, III, Oelwein, IA, for creditors.

Joseph A. Peiffer, Cedar Rapids, IA, for debtors.

## ORDER RE MOTION TO RECONSIDER

PAUL J. KILBURG, Chief Judge.

On October 4, 2001, this Court denied Maynard Savings Bank's objection to exemption of Debtors' boat, motor and trailer. The ruling was based on the untimeliness of the Bank's objection. The Bank now requests the Court to reconsider that ruling. The Bank asserts that the Court "has decided this case based on a mere technicality".

 The Bank's argument is subject to two observations. First, arguing that a ruling is based on a technicality is not a challenge to the merits of the ruling. Second, the objection implies that the legal basis for the decision is so minor that the law should not recognize it. It is true that, under certain circumstances, the law does not favor technical interpretations. "Do not be technical, where technicality does not really hurt the party whose rights in the trial and in its outcome the technicality it affects." *Kotteakos v. United States*, 328 U.S. 750, 760, 66 S.Ct. 1239, 1245, 90 L.Ed. 1557 (1946). However, what is a technicality is not always easy to determine:

> This, in part because it is general; but in part also because the discrimination it requires is one of judgment transcending confinement by formula or precise rule. That faculty cannot ever by wholly imprisoned in words, much less upon such a criterion as what are only technical, what substantial rights; and what really affects the latter hurtfully. Judgment, the play of impression and conviction along with intelligence, varies with judges and also with circumstance. What may be technical for one is sub-

stantial for another; what minor and unimportant in one setting crucial in another.

*Kotteakos*, 328 U.S. at 761, 66 S.Ct. 1239.

 A "mere technicality" is one concerned with the "mere etiquette of trials and with the formalities and minutiae of procedure". *Bruno v. United States*, 308 U.S. 287, 294, 60 S.Ct. 198, 200–01, 84 L.Ed. 257 (1939). Courts must use judgment and common sense to determine what is so inconsequential that it should not form the basis of an opinion. Nevertheless, Courts are not authorized to disregard clear procedural rules simply to reach the merits or out of concern for fairness in an individual case. *Taylor v. Freeland & Kronz*, 938 F.2d 420, 426 (3d Cir.1991) (considering Rule 4003(b) time limit for objections to exemptions), *aff'd* 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). It is admittedly not uncommon for unsuccessful litigants to assert unfairness or lack of prejudice to the prevailing party when a Court follows rule of procedure barring certain conduct based upon a statutory deadline. However, deadlines and statutes of limitations established by the Bankruptcy Code and Rules of Bankruptcy Procedure are not mere technicalities, they are Federal laws. *See Federal Trade Comm'n v. Gill*, 71 F.Supp.2d 1030, 1040 n. 10 (C.D.Cal.1999) (considering Rules of Evidence). If time deadlines are not to be enforced because they are overly technical, most cases would languish forever.

Federal Rule of Bankruptcy Procedure 4003(b) applies to this case and it is not a "mere technicality". To grant the Movant's Motion would be to deny to Debtors substantial rights which are specifically granted to them because of time restrictions imposed by the Rules of Bankruptcy Procedure. Technical rules are not the same as mere technicalities. The Bankruptcy Code and Rules are replete with

deadlines of all types. The Bank's complaints of unfairness to the contrary, this Court is not at liberty to ignore the mandates of a legally imposed time limitation because it seems harsh.

**WHEREFORE,** the Motion to Reconsider filed by Maynard Savings Bank is DENIED.