

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2006

# In Re: Mollo

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2307

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Mollo " (2006). *2006 Decisions*. Paper 609.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/609

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2307

———————

IN RE:

THOMAS E. MOLLO,
d/b/a Centre Footcare;
HOLLY D. MOLLO,

Debtors/Appellants

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 04-cv-02758
District Judge: The Honorable Malcolm Muir

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 13, 2006

Before: SMITH, WEIS, and ROTH, *Circuit Judges*

(Filed: August 7, 2006)

———————

OPINION OF THE COURT

———————

SMITH, *Circuit Judge*.

Appellants Thomas and Holly Mollo (the "Mollos") commenced this bankruptcy

case by filing a Chapter 13 bankruptcy petition. The IRS filed a proof of claim for unpaid federal taxes, penalties, and interest, to which the Mollos objected. The Bankruptcy Court entered judgment in favor of the IRS, and the District Court affirmed the Bankruptcy Court's Order. We will affirm the Order of the District Court.[1]

## I.

Because we write for the parties, we summarize only those facts relevant to our disposition of the case.

On December 3, 1997, prior to and separate from the bankruptcy petition giving rise to the instant appeal, the Mollos filed a Chapter 13 bankruptcy petition that was later converted to Chapter 7. During that proceeding, the Mollos listed certain property on their schedules as exempt. The Chapter 7 Trustee filed an objection to the exemptions but later withdrew it such that, effectively, no timely objection to the exemptions was filed and the property at issue became exempt as a matter of law. The Bankruptcy Court issued a discharge to the Mollos on January 11, 2001. On February 26, 2001, the Chapter 7 Trustee filed a report of no distribution (or "No Assets"), stating that he had "neither received any property nor paid any money on account of this estate except exempt property," and that there was "no property available for distribution from the estate over and above that exempted by law." On October 1, 2001, the IRS filed notice of federal tax

---

[1]The District Court had appellate jurisdiction to review the Bankruptcy Court's Order pursuant to 28 U.S.C. § 158(a). We exercise jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. We review the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*.

lien in Centre County, Pennsylvania against "Thomas and Holly Mollo" seeking collection of unpaid income taxes, penalties, and interest for tax years 1996-2000. By Order dated October 26, 2001 (filed October 30, 2001), the Bankruptcy Court closed the prior bankruptcy case.

On September 18, 2003, the Mollos filed the instant petition under Chapter 13. Based on the October 1, 2001, notice of federal tax lien, the IRS filed a proof of claim that, in relevant part, asserted a secured claim for unpaid taxes, interest, and penalties for tax years 1996-1999 in the total amount of $83,491.[2] The Mollos objected to the secured status of the IRS claim, arguing that the notice of federal tax lien underlying the claim was filed in violation of the "automatic stay" in bankruptcy applicable to the prior petition and was therefore void. As such, the Mollos contended, the IRS claim should be allowed only as an unsecured priority claim.

Following briefing on the issue, the Bankruptcy Court overruled the Mollos' objection to the IRS's proof of claim. The District Court affirmed the Bankruptcy Court's Order. Both courts reasoned in relevant part that because the lien notice attached to the Mollos' exempt property and other rights to property that they held as individuals – rather than to any property in the bankruptcy estate – neither the lien notice nor the later proof of claim based thereon violated the automatic bankruptcy stay. As such, the IRS's claim was entitled to secured status.

---

[2]Because federal tax liens are typically unaffected by bankruptcy, the IRS's original claim was not discharged pursuant to the disposition of the Mollos' 1997 petition.

II.

The Mollos correctly assert that when a debtor files a bankruptcy petition, a bankruptcy estate is created that includes "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), with certain exceptions, *id.* at § 541(b). Furthermore, a debtor can prevent the distribution of certain property that would otherwise be part of the bankruptcy estate by claiming that it is exempt. 11 U.S.C. § 522; *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992). "Unless the trustee or another party in interest objects to the debtor's claimed exemptions within the thirty-day period following the creditors' meeting or the amendment, the property claimed as exempt by the debtor is exempt." *Taylor v. Freeland & Kronz*, 938 F.2d 420, 423 (3d Cir. 1991), *aff'd*, 503 U.S. 638 (1992); *see also Taylor*, 503 U.S. at 643. Furthermore, once property is exempted, it is "no longer considered property of the bankruptcy estate." *Taylor*, 938 F.2d at 423.

The property within the bankruptcy estate is subject to the "automatic stay" established in 11 U.S.C. § 362(a), which generally prohibits acts by creditors to collect debts that arose before the commencement of the case. The stay bars, among other acts, "any act to create, perfect, or enforce any lien against property of the [bankruptcy] estate," and "any act to create, perfect, or enforce against the property of the debtor any lien to the extent that such lien secures" a prepetition claim. 11 U.S.C. §§ 362(a)(4), 362(a)(5).

The automatic stay is triggered on the date the petition is filed and continues, with

4

respect to acts against the property of the estate, until the property is no longer part of the estate. 11 U.S.C. § 362(c)(1). With respect to acts directed against the debtor or the debtor's property, the automatic stay continues until the earliest of: (1) the closing of the case; (2) the dismissal of the case; or (3) in a chapter 7 context, as was operative in the Mollos' previous bankruptcy petition, the grant or denial of discharge. 11 U.S.C. § 362(c)(2).

Applying the legal framework embodied in the above provisions and cases, we conclude that the Bankruptcy Court properly analyzed and disposed of the Mollos' objection to the IRS's claim. During the Mollos' previous bankruptcy petition, the original notice of tax lien was filed by the IRS on October 1, 2001. The record indicates that the notice was filed against "Thomas and Holly Mollo" as individual debtors (and their property), not against the bankruptcy estate proper or the property included therein. Although the filing of a tax lien is an act to perfect a lien that violates the automatic stay if filed while the stay is in effect, the record is clear that in the instant case, the notice was filed after the automatic stay applicable to the Mollos' individual property had terminated. The Mollos received a discharge on January 11, 2001. That act by the Bankruptcy Court terminated the automatic stay as to the Mollos and their property. 11 U.S.C. § 362(c)(2)(C). As such, the subsequent filing of the lien notice as to the Mollos and their property did not violate the automatic stay.

Even if we assume, *arguendo*, that the IRS intended the lien notice to attach to property that was once part of the bankruptcy estate, the notice was still valid. The record

shows that the Mollos claimed as exempt all the property that would have been included in the bankruptcy estate. The Chapter 7 Trustee initially objected to the Mollos' exemption claims but withdrew that objection on March 9, 2001. Thus, the property that the Mollos claimed as exempt became exempt – i.e., it reverted to the Mollos as individuals by operation of law – ending the automatic stay as to that property. 11 U.S.C. § 362(c)(1). To the extent that the lien notice, filed October 1, 2001, attached to any of the exempt property, the notice did not violate the automatic stay as to that property.

In sum, the Bankruptcy Court correctly concluded that the notice of tax lien filed by the IRS did not violate the automatic stay applicable to *any* of the property involved in the Mollos' previous bankruptcy petition. As such, the lien notice and the proof of secured claim – filed pursuant to the instant bankruptcy petition and based on the original lien notice – are valid.

For the foregoing reasons, we will affirm the Order of the District Court.