**In re Carlos A. DICKEY, Debtor.**

**Carlos A. Dickey, Movant,**

v.

**Beneficial Finance, Respondent**

No. 1–02–00172.

United States Bankruptcy Court, M.D. Pennsylvania.

March 17, 2003.

Deborah A. Hughes, Harrisburg, PA, for Debtor.

Charles J. Dehart, III, Hummelstown, PA, trustee.

## ORDER

MARY D. FRANCE, Bankruptcy Judge.

The background for this Order is as follows. On January 31, 2002 Carlos A. Dickey (Debtor) filed a Petition and Plan in Chapter 13. His Plan contained the following provision:

C. Beneficial Finance: **"MORT- GAGE LIEN TO BE AVOIDED IN ITS ENTIRETY PURSUANT TO SECTION 506"** and *In re: McDonald* as property value is $45,000.00 and there is no equity to attribute to this lien. Confirmation of the Plan shall constitute a finding of valuation pursuant to 11 U.S.C. § 506. Creditor to satisfy mortgage within thirty days of confirmation of Plan.

(Bold in the Original.)

Beneficial Finance (Beneficial) did not file an Objection to the Plan within the time provided, and the Plan was confirmed on March 27, 2002. To date, Beneficial has not satisfied the mortgage despite the language of the Plan and Debtor's written request, dated July 25, 2002. On Febru-ary 21, 2003, Debtor filed the instant Motion to compel satisfaction of the mortgage, but Beneficial did not file an answer. Ordinarily, Beneficial's failure to respond in any way would justify entry of a summary order. However, before making any order, I feel compelled to discuss the general matter of how a debtor may use a plan to avoid a mortgage lien.

First, I note the opinion of my predecessor, the Honorable Robert J. Woodside, in the case of *In re Wolf,* Adv.No. 1–98–257A (Issued October 16, 2001). In *Wolf,* the Harrisburg Division of the Middle District first addressed the split that exists in the bankruptcy courts as to whether a mortgage lien may be avoided under Section 506(a) through confirmation of a Plan, rather than exclusively through an adversary proceeding under Rule 7001 or a motion separate from the confirmation process filed under Rule 3012. The Court held, as a matter of first impression, that a lien may be stripped off through the plan confirmation process, but only under certain relatively stringent conditions. The Court observed:

I conclude that it is proper to side with those courts who allow liens to be avoided through Plans when such avoidance is properly noticed in the Plan. In reaching this conclusion, ... I note that 11 U.S.C. § 1123(b)(5) contains language identical to that of § 1322(b)(2), and that, in Chapter 11, it is not necessary to file an adversary Complaint in order to avoid a lien.... [L]iens may be avoided through Chapter 13 Plans without the need for an adversary complaint, but *only as long as the Plan provides sufficient notice of the debtor's intent to do so.*

*Id.,* at pp. 5–6 (emphasis added).

The Court's concern was that a plan must recognize the distinction between a Section 506(a) motion under Fed. R.Bank.P. 3012 and an issue under any

other Section, *e.g.* Section 502, governed by Fed.R.Bankr.P. 7001.

The Court in *In re King*, 290 B.R. 641, 645–47 (Bankr.C.D.Ill.) cogently and concisely defined the actions encompassed by Rule 7001 and differentiated them from those encompassed by Rule 3012. Under Rule 7001, the proceedings that require an adversary are those "to determine the validity, priority, or extent of a lien". " 'Validity' means the existence or legitimacy of the lien itself, 'priority' means the lien's relationship to other claims to or interests in the collateral, and 'extent' means the scope of the property encompassed by or subject to the lien.... Voiding a lien for lack of collateral value, pursuant to Section 506, is outside the scope of Bankruptcy Rule 7001(2)" and can be accomplished by motion under Rule 3012, or, if proper notice is given, through the plan confirmation process. *Id.*

◼ Similarly, as intimated in *Wolf,* it is the perception of this Court that the only lien avoidance issue that may be resolved through the confirmation process is valuation of the lien under § 506(a). If a debtor intends to modify the rights of lien holders in a Chapter 13 plan, he must determine whether the only issue is the value of the lien. If value is the only issue, then the debtor must insure that the due process requirements of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) are met by the plan. The notice to be received by the creditor must be reasonably calculated to make the party aware of the impact confirmation will have on the creditor's rights, and it must provide a reasonable time in which the creditor can respond.

◼ Discussing the application of *Mullane* to the issue of lien stripping through a plan, the *King* Court suggested that, at a minimum, the plan must "clearly and accurately characterize the creditor's claim" and must give the creditor an explanation as to why the lien is worthless. *King*, at 649–50. I agree with the *King* Court's observation that the language of the plan must put the creditor on notice that its lien will be lost if the creditor does not object to the plan. "The burden is squarely on the shoulders of the debtor, as the drafter of the plan, to ensure that the language of the plan provides adequate notice of the debtor's intentions and the basis for the proposed lien avoidance." *Id.* at 650. Attempting to strip off mortgages without adequate notice contributes to the perception that the bankruptcy system is little more than a procedural jungle in which the parties engage in guerrilla tactics, laying camouflaged traps to catch tactical missteps by unwary or distracted creditors.[1] The filing of an adversary proceeding or motion, as may be appropriate, is clearly the better practice.

◼ The sum of these concerns notwithstanding, *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989) makes it clear that the language of a Chapter 13 Plan, once confirmed, is to control the debtor/creditor relationship thereafter, even if the terms of the Plan violate the Code. *Szostek* held that "the policy favoring the finality of confirmation is stronger than the ... obligations to verify a plan's compliance with the Code."

---

1. See also, *In re Dennis,* 286 B.R. 793, 795 (Bankr.W.D.Okla.2002). "Attempts by some debtors' counsel to by-pass the requirements of Rule 7001 by simply declaring in plan summaries that secured debts magically become unsecured or that non-exempt property magically becomes exempt have been termed 'gamesmanship' and 'unethical'." (Citations omitted).

*Id.,* at 1406, see also, *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987).[2]

■ Applying the principles to the instant case, I note that the Plan does not plainly state that the confirmation of the Plan would avoid the mortgage unless Beneficial would file an Objection. Instead, it states that the mortgage lien is to be "avoided in its entirety pursuant to Section 506", that there is no equity in the property, that confirmation of the plan shall constitute a finding of valuation, and that the mortgage is to be satisfied within thirty days of confirmation. While these statements, read together, fairly imply that the confirmation of the Plan will avoid the mortgage, they are not as clear as they might easily be. Nonetheless, it remains that Beneficial was duly provided with notice of the filing of the Plan. The provision of the Plan stating that the lien would be avoided was printed in bold, capital letters. Beneficial had ample time to object to the Plan, ample time in which to file a proof of claim, and, perhaps most important, ample time in which to answer the instant motion. Beneficial failed to take any action to protect its lien. Under these circumstances, it is appropriate for the lien to have been avoided in accordance with the language of the Plan.[3]

■ In the future, Chapter 13 plans filed in the Harrisburg Division of the Middle District will be examined according to these principles. In order to strip off a mortgage through the confirmation of a Chapter 13 plan, the plan must clearly state on its face that the debtor does not intend to file an adversary complaint or contested matter in order to avoid the lien, that the confirmation order alone will avoid it, and that if the affected creditor wishes to contest the avoidance, he must file an objection to the plan. The Court will consider on a case by case basis the question of whether a lien made avoided through a confirmed plan can be satisfied prior to the debtor receiving a discharge.

It is hereby ORDERED that Beneficial shall satisfy its mortgage against the Debtor's property within thirty days of the date of this Order.

---

**2.** *But cf. In re Pardee,* 218 B.R. 916 (9th Cir. BAP 1998) (dissenting opinion)(taken to the extreme, *Szostek*-like reasoning could be read to provide a basis for approving imprisonment or even execution of a creditor if no objection were filed to a plan provision incorporating these terms).

**3.** It cannot pass without comment, however, that the satisfaction of Beneficial's mortgage will confer a benefit on Debtor not contemplated by the Bankruptcy Code. Debtor will receive a discharge only if he completes his Chapter 13 Plan. In the instant case, however, by requiring the mortgagee to satisfy the obligation per the terms of the Plan, i.e. within thirty days of confirmation, the Court will enable Debtor to avoid Beneficial's mortgage even if he does not complete the payments on his Plan. This clearly permits Debtor to enjoy the benefits of Chapter 13 relief without fulfilling his concomitant responsibility to complete payments under the Plan.