**In re Ronnie D. ALDRIDGE, Debtor.**

**No.  02–13580–MAM–13.**

United States Bankruptcy Court,
S.D. Alabama.

Nov. 16, 2005.

---

Robert R. Blair, Selma, AL, for Debtor.

## ORDER GRANTING MOTION FOR INSTRUCTIONS

MARGARET A. MAHONEY, Bankruptcy Judge.

This matter is before the court on Marengo County Department of Human Resources' Motion for Instructions. The court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the court has the authority to enter a final order. For the reasons indicated below, the court is granting the motion for instructions and instructing the chapter 13 trustee to make disbursements on the § 507(a)(7) claims before making disbursements on the § 507(a)(8) claims. This order will have prospective effect only and will go in effect 60 days after entry of a final order on this matter.

### FACTS

Ronnie Aldridge, the debtor, filed a chapter 13 bankruptcy petition on June 25, 2002. At filing, Aldridge was indebted to the Internal Revenue Service for federal income tax liabilities for the tax years 1999, 2000, and 2001. Aldridge was also indebted to the Marengo County Department of Human Resources for back child support. In Aldridge's proposed Chapter 13 plan, the DHR debt was included as a priority claim, but the IRS claims were not included in the plan. Before confirmation, DHR timely filed three claims entitled to priority under § 507(a)(7) in the amount of $1,466.18. On September 17, 2002, before the claims bar date had passed, the court conditionally confirmed Aldridge's plan. The court's confirmation order directed the chapter 13 trustee to make disbursements as follows:

(a) Administrative Claims allowed under 11 U.S.C. § 503(b) and pursuant to local order, including an attorney fee . . . in the amount of $1,300.00.

(b) After the above payments, 100% pro rata dividends to all secured creditors whose claims are allowed, including the following:

[The order then listed three categories of creditors under this section: "priority creditors," "secured creditors," and "direct payments".]

(c) Any claim entitled to priority pursuant to and in the order set forth in 11 U.S.C. § 507, unless the priority has been expressly waived.

(d) All nonpriority, unsecured claims to be paid *12% PRO RATA.*

The order further provided that the disbursements would commence after the bar date for filing proofs of claims had passed.

After confirmation but before the bar date, the IRS timely filed its proofs of claim. The total portion of the IRS's claims entitled to priority under § 507(a)(8) was $3,238.48. The debtor did not object to any of the DHR or IRS priority claims, and thus all of those priority claims were allowed. After the bar date passed, the chapter 13 trustee's office calculated the monthly payment required, taking into account the IRS claims not originally included in the plan, and began making disbursements under the plan. After first disbursing payments to the debtor's attorney for his attorney's fees, the trustee began disbursing the plan payments to the secured creditor, and the priority creditors. Following the longstanding practice in this district, the trustee has been disbursing the payments on the DHR and IRS claims concurrently on a pro rata basis.

On February 19, 2005, DHR filed the instant motion for instructions, requesting that the court "issue an instructional ruling setting out the order of priority of distribution by the chapter 13 trustee and order that such ruling shall apply to all pending chapter 13 cases in the United States District Court for the Southern District of Alabama."[1] DHR asserts that the trustee has not been paying the priority claims in order of priority set forth in § 507 as ordered by the court's confirmation order. The parties have stipulated that the confirmation order issued in this case is the standard confirmation order issued in virtually every chapter 13 case confirmed in the Southern District of Alabama. This standard confirmation order includes Paragraph 3(c), which deals with the treatment of priority claims in the plan. Paragraph 3(c) states that the trustee is to pay "[a]ny claim entitled to priority pursuant to *and in the order set forth in* 11 U.S.C. § 507, unless the priority has been expressly waived." (Emphasis added). The parties stipulated that the trustee's longstanding practice in this district has been to make disbursements to priority claimants concurrently and not to completely pay off one class of priority claims before disbursing to the next priority class. Nevertheless, DHR argues that since § 507 of the Bankruptcy Code gives child support arrearages a higher priority (§ 507(a)(7)) than tax liabilities to the government (§ 507(a)(8)), and, since DHR has not expressly waived its priority, the child support claims should be paid in full before the trustee disburses any (more) money to the IRS pursuant to the language of the confirmation order. Conversely, the IRS takes the position that the court should not direct the trustee to alter the longstanding payment scheme presently in place.

DHR readily admits that this is a "test case" and that it is seeking an order to be applied to all chapter 13 cases going forward regarding how priority payments are made in this district.[2] DHR is not seeking retroactive relief, but rather a prospective ruling only. The IRS asserts that this case is not a proper test case for numerous reasons, including: the time elapsed since the confirmation order and the present motion; the longstanding practice in this district of paying priority claims concurrently; the fact that the trustee has been disbursing to both DHR and the IRS concurrently for over two years; and with the enactment of BAPCPA, the court's ruling will be limited to cases filed before October 17, 2005. The IRS suggests a better

1. DHR filed this motion for instruction before the BAPCPA was enacted. Accordingly, the ruling in this case will only apply to cases filed before October 17, 2005.

2. See footnote 1.

test case would be one filed after October 17, 2005, in which this priority issue is brought up before confirmation, which in turn is before the trustee begins disbursements. Alternatively, the IRS argues that the Bankruptcy Code does not set any particular order for payment of priority claims in chapter 13 cases.

## LAW

*In a Chapter 13 case, does the Code require that allowed seventh priority claims be paid in full before allowed eighth priority claims receive any disbursements?*

■ Section 507 of the Bankruptcy Code establishes which claims are entitled to priority. 11 U.S.C. § 507. Under § 507 administrative claims and any fees and charges assessed against the estate are given first priority, while child support claims are given seventh priority and certain tax claims, such as the IRS's claims in this case, are given eighth priority. *See* 11 U.S.C. § 507(a). In chapter 7 bankruptcies, priority claims are required to be paid "in the order specified in section 507." 11 U.S.C. § 726(a)(1). Thus, in a chapter 7 case, seventh priority claims must be paid in full before eighth priority claims. *See id.* However, there is no provision in the Code requiring that priority payments in chapter 13 cases be made in the order set forth in § 507. Section 1326, Chapter 13's sister provision to § 726, requires only that the trustee's fee and any unpaid priority claim of the kind specified in § 507(a)(1) must be paid "[b]efore or at the time of each payment to creditors under the plan." 11 U.S.C. § 1326(b)(1). Section 1326 does not set forth any order of payment for the other priority claims. *See id.* By stating that administrative claims must be paid *before or at the time of* each payment to creditors under the plan, the Code gives a debtor the choice of paying administrative claims before or concurrently with other claims, so long as the administrative claim payments begin no later than the first payment to other claimholders. *In re Cason,* 190 B.R. 917, 933 (Bankr.N.D.Ala.1995); *In re Ferguson,* 134 B.R. 689, 693 (Bankr.S.D.Fla.1991); *In re Parker,* 15 B.R. 980, 983 (Bankr. E.D.Tenn.1981), *aff'd,* 21 B.R. 692 (E.D.Tenn.1982). Since administrative claims are given first priority under § 507 and the Code permits them to be paid concurrently with other claims, it is only logical that a seventh priority claim may be paid concurrently with an eighth priority claim.

Section 1322 sets forth the required contents of a chapter 13 plan. 11 U.S.C. § 1322. It requires that every chapter 13 plan "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of [the Bankruptcy Code]." 11 U.S.C. § 1322(a)(2). The only exception to this requirement is that the holder of the priority claim may consent to different treatment. *Id.* As long as full payment of the priority claims is provided for in the plan, nothing in § 1322 requires that higher priority claims must be paid fully before paying lower priority claims.

■ This result is further supported by the plain language of § 1322(b)(4). That section states that the plan may "provide for payments on *any unsecured* claim to be made concurrently with payments on any secured claim or *any other unsecured claim.*" 11 U.S.C. § 1322(b)(4) (Emphasis added). By definition priority claims are a type of unsecured claims. *See Black's Law Dictionary* 265 (8th ed.2004). As such, § 1322(b)(4) expressly allows different levels of priority claims to be paid through the plan concurrently. Thus child support priority claims under § 507(a)(7) can be paid concurrently with tax priority

claims under § 507(a)(8). Likewise, these priority claims could be paid concurrently with payment on general unsecured claims. *See In re Schnabel,* 153 B.R. 809, 821 (Bankr.N.D.Ill.1993) ("[U]nder § 1322(b)(4) a plan may provide for payment of priority claims concurrently with general unsecured claims."); *In re Parker,* 15 B.R. 980, 982–83 (Bankr.E.D.Tenn. 1981). This is a significant difference between chapter 13 and chapter 7. In a chapter 7 liquidation case, the trustee cannot make any distribution on general unsecured claims until all priority claims have been paid in full. 11 U.S.C. § 726. In a chapter 13 case, the trustee can make payments on priority claims concurrently with payment on other priority claims or with general unsecured claims, if the plan allows it. *Parker,* 15 B.R. at 983. "[T]here is no requirement [in a chapter 13 case] that any priority claims, except for fees and administrative expenses, be paid temporally in the prescribed order of priority [set forth in § 507] or in advance of other unsecured claims." 8 Colliers on Bankruptcy ¶ 1322.03[2] (15th ed. rev.2005); *see In re Cason,* 190 B.R. at 933 ("There is no provision of § 507(a)(1) which requires full payment of priority claims before payments can begin to other claimholders.").

In the present case, DHR argues that child support creditors, with a seventh priority, should be paid in full before any disbursements are made to the IRS on its eighth priority tax claim. The court can find nothing in the Code to justify such a result in a chapter 13 case. While the debtor's plan must provide for payment of both of these priority claims in full, these priority claims can be paid concurrently. The Code does not require the payment of § 507(a)(7) claims in full before any payments are disbursed on § 507(a)(8) claims. Conversely, the Code does not require concurrent payment of priority claims. Thus, a debtor could provide a plan that mandated the specific order in which claims were to be paid, and if such plan was confirmed, the trustee would have a duty to disburse the plan payments to the creditors as provided for in the confirmed plan. Therefore, the language of the plan confirmed in this case must be examined to determine if it requires that DHR's claims be paid in full before the IRS's claims are entitled to any disbursements.

*Does the language of this confirmation order require the Trustee to fully pay DHR's claims before disbursing any payments on the IRS's claims?*

■ As stated above, the order confirming Aldridge's plan (and virtually every other chapter 13 plan confirmed in this district) stated that the trustee was to make disbursements on "[a]ny claim entitled to priority pursuant to and *in the order set forth in 11 U.S.C. § 507,*" unless the priority was expressly waived. (Emphasis added). The parties agree that DHR has not waived its priority in this case. Likewise there is no question the trustee is to make disbursement on all claims entitled to priority pursuant to § 507. The question is whether the confirmation order requiring the chapter 13 trustee to make plan payments *in the order set forth in § 507* requires the trustee to pay § 507(a)(7) claims *in full* before disbursing any money on § 507(a)(8) claims. The court finds that it does.

■ Once a chapter 13 plan is confirmed, the language of the plan controls, as long as the plan is unambiguous. *See In re Sosnowski,* 314 B.R. 23, 26 (Bankr. D.Del.2004); *In re Dickey,* 293 B.R. 360, 363 (Bankr.M.D.Pa.2003). The language of the plan in this case is very clear. Disbursements must be made in the order set forth in § 507. Therefore, since § 507(a)(7) claims have a higher priority

than § 507(a)(8) claims, the § 507(a)(7) claims must be paid first.

The only reason this rule might not be applicable to this case is because of the incorrect placement of the priority claims under the secured creditors heading in the confirmation order. In the order confirming Aldridge's plan, the chapter 13 trustee's office placed the listing of priority creditors under paragraph 3(b) instead of 3(c). Paragraph 3(b) states that there will be "100% pro rata dividends to all secured creditors whose claims are allowed including [the priority claims]." If the priority claims are treated as secured claims, the "pro rata dividend[ ]" language would require the DHR and IRS claims to be paid concurrently.

However, reading the plan and order confirming the plan together, it is apparent the placement of the priority claims under paragraph 3(b) of the confirmation order was a mistake. The confirmation order does not track the language of the plan. The plan states that priority claims are to be paid "pursuant to and in the order set forth in 11 U.S.C. § 507." The confirmation order also says "secured creditors" will be paid pro rata. Priority claims are not secured claims. Therefore, the court concludes that paragraph 3(b) does not change the effect of the plan's specified order of distribution for priority claims.

This order will have prospective effect only. Since the chapter 13 trustee will need time to adjust to this ruling, the order will not take effect until 60 days after the order is final.

THEREFORE IT IS ORDERED:

1. The motion for instructions is GRANTED;

2. The chapter 13 trustee is instructed to disburse payments on the § 507(a)(7) claims before disbursing any (more) payments on the § 507(a)(8) claims for all payments that are due to be made no earlier than 60 days after this order is final and nonappealable.

3. This instructional order is limited in scope, only applying in this case and any other chapter 13 case filed before October 17, 2005, in which the plan and the confirmation order contain the same language as appears in this case.